IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA ANNE SHEERER )
) No. 18-1261
v.

ANDREW SAUL,[1]
COMMISSIONER OF SOCIAL
SECURITY

**OPINION AND ORDER**

**SYNOPSIS**

On July 15, 2015, Plaintiff filed an application for disability insurance benefits, alleging mental and physical impairments. Her application was denied initially, and upon hearing by an Administrative Law Judge ("ALJ"). The Appeals Council denied Plaintiff's request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied, and this matter remanded for further proceedings.

**OPINION**

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

---

[1] Andrew Saul, the Commissioner of Social Security, is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

1

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Klein v. Colvin, No. 15-896, 2016 U.S. Dist. LEXIS 117814, at *7 (W.D. Pa. Sep. 1, 2016); Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. THE PARTIES' MOTIONS

Plaintiff challenges the ALJ's conclusion, at step five of the sequential analysis, that there were jobs in significant numbers in the national economy that Plaintiff could perform. The ALJ

2

pointed out that the vocational expert ("VE") VE identified three jobs, with numbers in the national economy of of 4500, 1400, and 700. Defendant does not assert that these national numbers are adequate. Instead, Defendant focuses on the number of jobs available regionally, as identified by the VE: respectively, those totaled 300, 60, and 35-40. The ALJ noted the regional availability of two of these positions, but her step five finding rested on the conclusion "that the national numbers provided by the vocational expert constitute significant numbers."

This stage in the analysis "places upon the Commissioner the burden of showing that [claimant] is capable of performing other work that exists in significant numbers in the national economy." Ahmad v. Comm'r of Soc. Sec., 531 F. App'x 275, 278 (3d Cir. 2013). Here, the Defendant, who bore the burden at step five, does not dispute Plaintiff's assertion that the national numbers testified to, and relied on by the ALJ, are inadequate.[2] Instead, Defendant urges that the regional numbers are sufficient to support a finding of not disabled. As mentioned supra, my role is limited to evaluating the grounds invoked by the ALJ. The ALJ did not render any decision regarding the sufficiency of the regional numbers, and I decline to conduct that evaluation in her stead.

I do, however, note deficiencies in Defendant's argument. Defendant cites to Craigie v. Bowen, 835 F. 2d 56, 58 (3d Cir. 1987), Dumas v. Schweiker, 712 F.2d 1545 (2d Cir. 1983), and Hicks v. Califano, 600 F. 2d 1048 (4th Cir. 1979). None of these cases are persuasive here. In Craigie, our Court of Appeals cursorily observed that the existence of 200 regional jobs was "a clear indication that there exists in the national economy" pertinent work. There is no sign that

---

[2] "Failure to address even part of a motion in a responsive brief may result in that aspect of the motion being treated as unopposed." Nelson v. DeVry, No. 07-4436, 2009 U.S. Dist. LEXIS 38161, at *10 (E.D. Pa. Apr. 23, 2009). Despite the lack of opposition, I note that there is no "bright line rule" for what constitutes sufficient numbers. Brininger v. Berryhill, No. 16-00903, 2017 U.S. Dist. LEXIS 135146, at *39 (M.D. Pa. Aug. 7, 2017). "It has been held that testimony from a VE that there are jobs in the national economy numbering in the low thousands that the claimant could perform is not sufficient to show a significant number of jobs in the national economy." Id. (citing cases indicating that 2,077 and 4-5,000 jobs were insufficient).

3

Craigie involved VE testimony regarding jobs available in the national economy; our Court of Appeals' approach suggests reliance on what the regional number indicated about national availability, in the absence of the latter.[3] The case at bar, however, does not present an occasion for extrapolation, as the VE testified to both regional and national job availability. In Dumas, the VE testified that 150 pertinent jobs were available regionally, and 112,000 nationally. Dumas, 712 F. 2d at 1549. There is no suggestion that the court approved the regional job figure in isolation. In Hicks, the court made no finding regarding the number of jobs, merely observing in a footnote that 110 was not an "insignificant number." Hicks, 600 F. 2d at 1051 n. 1. This non-binding dicta is not especially supportive of Defendant's position.

## CONCLUSION

In conclusion, remand is warranted for reconsideration and/or clarification of the ALJ's conclusions regarding the availability of jobs at step five. The ALJ may, of course, conduct any proceedings deemed appropriate on remand. An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: February 14, 2020

---

[3] See also Ahmad v. Comm'r of Soc. Sec., 531 F. App'x 275, 278 (3d Cir. 2013) (noting that 569 regional jobs "was evidence of other work in significant numbers in the national economy").

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA ANNE SHEERER )
) No. 18-1261
v.

ANDREW SAUL,[4]
COMMISSIONER OF SOCIAL
SECURITY

**ORDER**

AND NOW, this 14th day of February, 2020, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED and Defendant's DENIED. This matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

---

[4] Andrew Saul, the Commissioner of Social Security, is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).